## KATE L. YATES ET AL. *v.* BETTIE L. C. CLARK ET AL.

1. WILL. *Power therein construed. Case in judgment.*

R. C. died, leaving a will, the body of which was as follows: "I hereby appoint my wife, B. C., my sole executrix, without bond or accountability to any one, to have, use, and employ all my property, real and personal, for her own and the use of her children, and [to] dispose of the same in such manner as she may think is for their mutual advantage." *Held*, that this will made the widow the donee of a power to dispose of all the property, real and personal, of the testator, in her discretion, for the mutual advantage of herself and her children by the testator. She was made the sole judge of "their mutual advantage," and her power of disposing of the property was unlimited. The power was vested in her as an individual, and not as executrix.

2. EXECUTRIX. *Failure of husband to give bond, under Code of 1857.*

Where a widow, having qualified as executrix of her deceased husband's will, marries again, and her husband fails to give bond, under art. 50, p. 435, of the Code of 1857, which requires that "the husband of any executrix, who may marry after appointment, shall give bond  * * * or she shall be removed," such failure does not revoke or suspend her power as executrix, but is only a cause for removal.

3. POWER. *Execution thereof. How determined.*

It is always a question of intention whether an instrument is an execution of a power. The power need not be referred to, if the act shows that the donee had in view the subject thereof, and intended to execute it. Where the donee has an interest in the subject of the power, and makes a conveyance of it, without any indication of a purpose to execute the power, the conveyance will be deemed to operate only on his interest, and not to be an execution of the power; but if the words of the conveyance cannot be satisfied without supposing an intention to execute the power, it will be referred to the power.

4. SAME. *Execution thereof. Case in judgment.*

B. G., who was formerly the widow of R. C., deceased, was the donee of a power under his will to dispose of the lands belonging to his estate, for the benefit of herself and their children. She made a deed of conveyance of certain of said lands to H., in which she, as the grantor, describes herself as "formerly B. C., and wife of R. C., deceased, and executrix of the last will and testament of said R. C." The deed purports to convey a fee, which she could only convey by virtue of the will; and it contains a warranty of the title conveyed. *Held*, that the deed shows the intention of the grantor to execute the power conferred by the will.

APPEAL from the Chancery Court of Hinds County.
Hon. E. G. PEYTON, Chancellor.

Robert A. Clark died in 1867, having made a last will and testament, as follows : —

"The last will and testament of Robert A. Clark, a citizen of Hinds County, and State of Mississippi : I hereby appoint my wife, Bettie L. Clark, my sole executrix, without bond or accountability to any one, to have, use, and employ all my property, real and personal, for her own, and the use of our children, and [to] dispose of the same in such manner as she may. think is for their mutual advantage.    Written wholly by myself.

"R. A. CLARK.    [SEAL.] "

The deceased left a widow and several children surviving him. The will was duly probated, and the widow, Bettie L. Clark, qualified as executrix.    In February of 1870, Bettie L. Clark was married to Frederic A. Goodyear.    He never qualified as executor in right of his wife.    On the seventeenth day of October, 1870, Bettie L. C. Goodyear and her husband sold and conveyed to Philip Hart certain tracts of land formerly belonging to the estate of Robert A. Clark, deceased.

The children of Bettie L. C. Goodyear by her first husband, Robert A. Clark, filed their bill against their mother and Philip Hart, praying that the deeds from Mrs. Goodyear and her husband to Hart be cancelled, or, if the court should consider them good to pass Mrs. Goodyear's interest in the land, then that the land so conveyed be sold, and the proceeds divided between the complainants and Hart, according to their respective interests.    The bill asserts that the lands were not devised to Bettie L. Clark, but only the power to hold, use, and dispose of the same for the mutual benefit of herself and her children ; that she could not sell and convey them in her individual capacity, but only as executrix; that her marriage with Goodyear suspended the power granted her in the will ; that if she could thereafter execute such power, in any manner, it could only be with the concurrence of Goodyear, her husband, as executor in her right ; and that, before Goodyear could act as executor, he was bound to give the bond required by the statute.    The

deeds to Hart purported to be made by " Mrs. Bettie L. C. Goodyear, formerly Bettie L. Clark, and wife of Robert A. Clark, deceased, and executrix of the last will and testament of said Robert A. Clark, and Frederic A. Goodyear, her husband," etc. They were signed : " Bettie L. C. Goodyear," " Frederic A. Goodyear."

*Nugent & McWillie,* for the appellants.

1. The will conferred the power to dispose of the testator's property upon Bettie L. Clark as executrix, and not as an individual. The testator did not devise his estate to his wife ; and if she took any thing at all, it could only be as a tenant in common, by implication from the powers granted. She is first appointed sole executrix ; then follows the power coupled with her office.

2. The marriage of Bettie L. Clark with Goodyear had the effect of suspending the power conferred by the will of her deceased husband, R. A. Clark, and arresting the execution of the will until the execution of a bond by Goodyear, as required by the statute. Rev. Code 1857, p. 435, art. 50. The sale was void because not made by order of court. Code 1857, p. 458.

3. There was no attempt to convey any thing more than the interest which Mrs. Goodyear had in the property. There is no reference in the deeds to the power conferred by the will. Mrs. Goodyear had an interest in the land conveyed, and the conveyance must be deemed to operate only upon her interest, and cannot be construed as an execution of the power. 2 Story's Eq. Jur., sect. 1062 a ; *Jay* v. *Stein,* 49 Ala. 523 ; 42 Ala. 39 ; 4 Kent's Comm. 334 ; 2 Wash. 325 ; 33 N. Y. 383 ; *Pease* v. *Pilot Knob Ins. Co.,* 49 Mo. 127 ; *Jones* v. *Wood,* 16 Pa. St. 42, 43 ; *Bell* v. *Twilight,* 22 N. H. 500 ; 2 Sugden on Powers, 128 *et seq.;* 1 Story's Eq. Jur., sects. 175–179.

*Shelton & Shelton,* for the appellees.

1. Mrs. Goodyear's deeds to Hart can only be considered as an execution of the power, or an attempt to execute it. The will gave her a joint interest with her children in the use of

the lands, or the proceeds thereof, if sold under the power. She never renounced this provision, and, therefore, was not entitled to dower. Code 1857, p. 467, arts. 162, 163. She could only convey her interest in the lands by executing the power. 1 Sugden on Powers, 422, sect. 16 ; 4 Kent's Comm. 334, 336. But the description of the grantor in the deeds is a sufficient reference to the power to evince the intention to execute it. 1 Sugden on Powers, 417, 419, sects. 9, 12.

2. The will conferred the power on Bettie L. Clark as an individual, and not as executrix. 4 Sandf. 400 ; 1 Seely on Powers, 181, 184 ; 21 Wend. 432.

3. The power being personal, and not limited to the widowhood of the donee, her second marriage did not affect it. 1 Sugden on Powers, 181, 184 ; 13 Metc. 224 ; 21 Wend. 432 ; 2 Hill Eq. 213 ; 1 Barb. Ch. 14 ; 10 Barb. 605 ; 3 Bibb, 368 ; 4 Bibb, 430 ; 4 Kent's Comm. 324 ; 4 Whart. 453.

4. Where the donee of a personal power in a will is named as executor thereof, the power is not lost by the failure of the donee to qualify as, or his ceasing to be, executor. 1 Sugden on Powers, 139, sect. 52 ; 13 Metc. 224 ; 21 Wend. 432. Our statute only applies to executorial authority, and not to personal or confidential powers. Code 1857, p. 432, art. 50.

CAMPBELL, J., delivered the opinion of the court.

The will of Clark made his widow the donee of a power to hold, use, and employ all of his property, real and personal, for her own use and the use of their children, and to dispose of it, in her discretion, for their mutual advantage. As she was made the sole judge of "their mutual advantage," her power to dispose of the property was unlimited.

Her power to hold the property or to dispose of it was not affected by her marriage, after Clark's death. The power was vested in her as an individual, and not as executrix ; but if it was an incident to her office as executrix, her subsequent mar-

riage did not *per se* revoke it. The failure of a husband, who márried an executrix, to give bond, as required by Rev. Code 1857, p. 435, art. 50, did not revoke or suspend her power as executrix. It was but a cause for removal ; and until the exercise by the proper court of its power of removal for this cause, her power as executrix remained in full force. Willard on Exrs. 239 ; *Woodruff* v. *Cox*, 2 Bradf. 153.

No order of court was necessary to enable the donee of the power of disposition to sell the property.

The deeds made by the donee of the power were an execution of it. It is always a question of intention whether or not an instrument is an execution of a power. It is not necessary to refer to the power, if the act shows that the donee had in view the subject of the power, and intended to execute it. 4 Kent's Comm., marg. p. 335 ; 33 N. Y. 383 ; 2 Story's Eq. Jur., sect. 1062 a ; 1 Sugden on Powers, 419, sect. 34 ; *id.* 468, top p., art. 15 *et seq.*

It is true that where the donee of a power has an interest in the subject of the power, and makes a conveyance of it, without any indication of a purpose to execute the power, the conveyance will be deemed to operate only on his own interest, and not to be an execution of the power ; because it is assumed that one intending to execute a power will, in some way, indicate it. If the words of the conveyance cannot be satisfied without supposing an intention to execute the power, it will be referred to the power, on the supposition that the party executing it purposed doing an effective act. *White et al.* v. *Hicks et al.*, 33 N. Y. 383, and authorities there cited.

Tried by these rules, the deeds in this case were an execution of the power conferred by Clark's will upon his wife. In the beginning she describes herself as " formerly Bettie L. Clark, and wife of Robert A. Clark, deceased, and executrix of the last will and testament of said Robert A. Clark," as the grantor. Each deed conveys a fee, which she did not have in her own right, and which she could convey only by virtue of

said will, and each deed contains a covenant of warranty of the title conveyed. It is manifest that it was intended to execute the power conferred by the will; and, while it would have been better to have made express reference to the power conferred by the will, the deeds are sufficient as written.

Decree affirmed.