## SALLIE G. BAIRD *v.* T. C. BOUCHER ET AL.

1. **WILL.** *Construction. Clerical error.*
   In a will which disposes of the testator's real and personal property, use of the word "rent," by clerical error in the clause: "I now will and bequeath to my loving wife * * * all my rent and personal property," will not be allowed to alter the whole instrument which demonstrates that "real" was intended.

2. **POWER.** *Conveyance.*
   If a life-tenant under a will has power by virtue of this instrument to convey the fee simple, the tenant's deed of the fee, which contains nothing to explain itself, will be referred to the exercise of the power in the will, because otherwise it cannot take full effect according to its terms.

3. **SAME.** *Restriction. Fraud.* A power to convey the fee when the life-tenant thinks best to remove from the premises cannot be exercised until this contingency arises; and a pretended exercise of such power for the purpose of excluding a remainder-man under the will cannot be upheld.

APPEAL from the Chancery Court of Chickasaw County. Hon. L. HAUGHTON, Chancellor.

Answering the appellant's petition for a sale or division of the land of W. M. Fulford, deceased, as a devisee of an interest in the remainder, the appellees alleged that the life-tenant, Nancy V. Fulford, exercised before she died her power, under the will of her husband, to dispose of the fee by conveying it to them, and hence that the right of their sister, the appellant, in remainder did not exist. The evidence, including the will and the deed, is set out in the opinion, but the clause of the will in which the word "rent" is used reads thus: —

"As to my personal property I wish it to be disposed of in the following manner, to-wit:

"I now will and bequeath to my lovingwife, Nancy V. Fulford, during her natural life, all my rent and personal property which I now enjoy ——."

Then follows the quotation in the opinion; and this constituted all the disposing part of the will, the rest being merely the usual caption committing the testator's body to the earth, etc., and the usual conclusion providing for an executor, his debts and liabilities, etc.

At the final hearing the chancellor decided that the appellant was not entitled to relief and dismissed her petition.

*McIntosh & Williams*, for the appellant.

A power appended to a life estate will not enlarge it into a fee simple. Sugden on Pow. 65. In executing a power, the donee thereof must show that he acts thereunder, for doubt will be resolved to the contrary. Story's Eq. Jur., sect 1062a, note 1. In this case the remainder-man, as well as the life-tenant, were entitled under the will. The life-tenant's power to sell, by virtue of the exercise of which the appellees claim, is expressly limited to the contingency of her thinking " best to remove." They have not shown that this contingency happened. *Andrews* v. *Brumfield*, 32 Miss. 115; 11 Am. Dec. 178; 14 Am. Dec. 116. Mrs. Fulford never removed, and there is no evidence that she ever thought this course best, although the petition alleges that she did not. Her act will operate either to convey her interest or to execute the power, and a doubt being left by the evidence as to her intention, it must be held that she dealt with her individual estate only. Redf. on Wills, 425, 433; 18 How. (U. S.) 391; 3 Otto, 326. As the whole will shows, " reñt " means " real " in the clause argued upon for appellees. In truth, the conveyance was a mere device to exclude the appellant, and Mrs. Fulford never designed to remove from the land.

*A. Y. Harper*, for the appellees.

The intent to convey the fee is manifest from the deed, which a life-tenant could not effectuate except in the execution of the power. *Keefer* v. *Schwartz*, 11 Pa. St. 47. The heirs acquired no interest on the probate of the will. Not until the widow's death would their estate have vested. *Andrews* v. *Brumfield*, 32 Miss. 110. If the act can be good in no other way, it must be construed as an execution of the power. As to the contingency of her " thinking best to remove," the fact that she sold the property is conclusive evidence of its happening. After receiving the money she could not change her mind. The question is as to what she thought

when she sold. Subsequent arrangements by which the purchasers allowed her to remain on the premises do not touch this question. What a hardship, if she could take the price and then say that she did not intend to remove. In fact, the widow had no estate in the land, but only a power to convey. Rent and personal property was given to her, and this power over the real estate. In executing the power it was not necessary for her to refer to it. 1 Sugden on Pow. 289, 357. Plainly the act was an execution of the power.

·COOPER, J., delivered the opinion of the court.

The word "rent" in the will of M. W. Fulford was evidently written by a clerical error for "real." The testator was disposing of his real and personal property, and the whole instrument demonstrates the fact that one word was by mistake written for the other. *Noscitur a sociis.*

By the will, which was admitted to probate in the year 1850, the testator gave to his wife, Nancy V. Fulford, a life estate in his real and personal property, "to use said property for the support of her and the heirs of our body, namely, Siby F. Fulford, Lucy E. Fulford, Mary R. Fulford, Sallie G. Fulford, the now living heirs of our body, and at the death of said Nancy V. all the then property, both real and personal, to be equally divided between the above named heirs, or as many of them as are still living at the death of said Nancy V. Fulford. And should Nancy think best, at any time, to remove from where we now live, she is fully authorized to sell the land which I now reside upon." In April, 1874, the appellees, Mary A. and Lucy R. Boucher, *nee* Mary A. and Lucy R. Fulford, bought from their sister, Siby S., then Mrs. Mixon, her interest in said land, and in May Mrs. Fulford, in consideration of the sum of sixteen hundred dollars, conveyed the land by deed, conveying a fee simple title, to said Mary A. and Lucy R. There is no reference in the deed to the power of sale conferred by the will, nor any recital of the fact that Mrs. Fulford then thought it best to remove from the premises; nor is

there any evidence that she ever contemplated so doing, or ever after the conveyance, in fact, did so; on the contrary, the evidence shows that after the conveyance, when not visiting her other children, she resided on the premises. The husband of one of the grantees, who was the only witness examined, testified that she remained on the premises until her death, but as the guest of his wife, and after the execution of the deed never claimed or exercised ownership over the land.

Mrs. Fulford, by the will of her husband, had only a life estate in the land. By her conveyance she disposed of the fee simple. The rule is, that where one has both an estate in, and a power over, property, and does an act which may be referred either to the execution of the power, or the exercise of his rights as owner, it will be presumed that the act is done by reason of his ownership; but if a conveyance is made which cannot have full effect except by referring it to an execution of the power, though some estate would pass by reason of his ownership, yet because the conveyance can only have full effect by referring it to the power, this will be done. The illustration given by Sugden is that of one having a life estate in lands, and a power to lease for three lives. In such case, if a lease for the lives be made, and no reference is made to the power, it will, nevertheless, be held to be done by virtue of the power; for though the lease would be good for the life of the lessor, by reason of his interest, still the lease being for a greater term can only have full effect as an execution of the power. 1 Sugden on Pow., 414; *Andrews* v. *Brumfield,* 32 Miss. 107; *Yates* v. *Clarke,* 56 Miss. 212. In this case Mrs. Fulford had only a life estate, while the deed purports to convey a fee simple. If, then, the conveyance be referred to the estate of the grantor it cannot have full effect, and, therefore, it must be intended as an execution of the power.

But Mrs. Fulford did not have a general and unrestricted power over the estate of the remainder-men; she was only authorized to sell it if, at any time, she should think it best to remove from the premises. We think the evidence not only

fails to show the existence of the circumstances justifying the sale, but establishes that such contingency had not arisen. The widow had remained upon the premises for twenty-four years after the death of her husband, all her daughters had married, and one, or perhaps two of them, resided on the land. These facts, taken in connection with the relationship of the parties, the fact that it is shown by the record that only a few weeks before the execution of the deed the grantees therein had purchased from their sister, Mrs. Mixon, her interest in the property, the continued residence of Mrs. Fulford on the land after the sale, as the guest of the grantees, impel us to the conviction that the conveyance was not made in the *bona fide* exercise of the power conferred by the will, but that it was an attempt on the part of the parties thereto to exclude the complainant from the benefit of the devise under the will of her father, by a pretended exercise of the power. The complainant was entitled to the relief prayed.

The decree is reversed, and the cause remanded for future proceedings in the cause in conformity with the views herein expressed.