# Young *v.* Sheldon, Admr.

### *Statutory Action of Ejectment.*

1. *Execution of power of sale by married woman; not necessary to pass fee that husband should join in conveyance.*—A married woman can, without the assent or concurrence of her husband, execute a power conferred upon her, to dispose of the fee to land; and where such power is executed by her alone by a regular deed of conveyance, such deed passes the fee to the grantee named therein, although her husband did not join in the execution of said deed and it was not signed by him.

[Young v. Sheldon, Admr.]

2. *Will; when devise cantains a power to dispose of fee.*—Where
the testator in a will devises all of his property to his wife
"during her life time to manage at her control, or as she may
think best, for herself and her children in future, to con-·
tract debts and pay them out of the property as she may deem
expedient, or to sell off the property as she thinks proper
during her life time, and at her death" the, property that has
not been disposed of by her shall be sold and the proceeds
equally divided between his children, naming them, confers
upon the wife a power to dispose of the fee to real estate
owned by the testator; and a deed executed by said devisee
conveying a part of the real estate of the testator, is a valid
exercise of the power, and invests the grantee therein with
the fee simple title, although at the time of such conveyance
the devisee had married again, and her then husband did not
join in the execution of the deed.

3. *Power of sale intention to execute same; when sufficiently
appears.*—It is not necessary that the intention to execute a
power of sale should expressly appear upon the face of the
instrument, since it is sufficient if it appears by word, act or
deed demonstrating the intention; nor is it necessary that
the power be referred to or recited in a deed by the donee
of the power, provided the act of the donee shows that at the
time of the execution of the deed, he had in view the subject
of the power.

APPEAL from the Circuit Court·of Lauderdale.

Tried before the Hon. THOS. R. ROULHAC.

This was a statutory action of ejectment, brought by
the appellant, Mollie Young, to recover certain lands
specifically described in the complaint. Pending the
suit W. B. Young died, and the suit was revived in the
name of M. B. Sheldon, as administrator.

The basis of the plaintiff's claim and the other facts
of the case necessary to an understanding of the decis-
ion on the present appeal, are sufficiently stated in the
opinion.

Upon the introduction of all the evidence, the court at
the request of the defendant, gave the general affirma-
tive charge in its behalf. The plaintiff duly excepted to
the giving of this charge, and also duly excepted to the
court's refusal to give a similar charge requested by
him.

There were verdict and judgment for the defendant and the plaintiff appeals.

R. T. SIMPSON, JR., and PAUL HODGES, for appellant. Section 1046, Code, 1896, converts a life estate into a fee, when the power of disposition is given to the life tenant, but if the power is not exercised, then the fee to the remainderman remains in tact. Granting that the will of Jones gave to his wife an estate for life, with vested remainder to his heirs, and then adding the power of the disposition of the land as she saw fit; but if she never legally exercised the power of disposition, then she never divested the remainderman of their estate in fee, that vested in them by the will, so long as the life tenant did not divest herself of the estate in fee. A conveyance containing the signature and seal of a party not named in the body of the deed, does not pass title as to such party.—*Davidson v. Ala. Iron & S. Co.,* 109 Ala. 383; *Johnson v. Goff,* 116 Ala. 648.

A mere possession is not necessarily adverse; hostility to the title of the true owner, is the essential element of adverse possession. A possession to be adverse must oust some claimant who has some right of action, it must be exclusive of the rightful owner so operating to his prejudice as to entitle him to an action for its recovery. *Newton v. L. & N. R. R. Co.* 110 Ala. 474; *Williams v. Higgins,* 69 Ala. 517; *Wiggins v. Kirby,* 106 Ala. 262.

If the only title of the claimant, the appellee, is by prescription, then as against the remainderman, as no right of action accrued till the termination of the life estate, there is no laches on the part of appellant.—*Pickett v. Pope,* 74 Ala. 122; *Michael v. Craig,* 105 Ala. 382; *Edwards v. Bender,* 116 Ala. 214; *Gindrat Case,* 96 Ala. 163.

JOHN B. WEAKLEY, *contra.*—The question for the decision of this court is, whether under the will of David J. Jones, his widow took a life estate or the fee in the lands sued for. This question is controlled by sections 1046, 1047, 1048, 1049 of the Code. These sections are

fully discussed in the case of *Hood v. Bramlett,* 105 Ala. 660, where the rule is laid down that a conveyance or devise to one for life with absolute power of disposition, remainder over, in default of disposition by the tenant for life, vested in such tenant a fee, free from curtailment by the limitation over, and the remainderman took nothing in any event as to the execution of the power.

Where life estate is created and an absolute power of disposition conferred on the life tenant, this enlarges the life estate into a fee; not absolutely, but in favor, and only in favor of the creditors and purchasers of the life tenant.—Code of 1896, § 1046; *Alford v. Alford,* 56 Ala. 350; *Allen v. White,* 16 Ala. 186; *Adams v. Mason,* 85 Ala. 452; *Flinn v. Davis,* 18 Ala. 159; *Bolman v. Lobman,* 79 Ala. 63; *Wells v. Am. Mtg. Co.,* 109 Ala. 430; 3 Jarmon on Wills, p. 24.

The will of David J. Jones vested in his wife, Hettie D. Jones, the fee simple title to the property in dispute. *Wharton v. Morange,* 62 Ala. 201; *Allen v. White,* 16 Ala. 181; *Flinn v. Davis,* 18 Ala. 159; 3 Jarmon on Wills, 24.

TYSON, J.—The plaintiff in order to recover in this case, must, of course, have the legal title. She predicates her claim to said title upon item three of her grandfather's will, which is in these words: "I give to my beloved wife, Hetty D. Jones, who is my sole executrix, all my lands, negroes and stock, in short all my property of any description, after the payment of all my just debts, etc., and my youngest son, Daniel A. Jones, receives his portion heretofore mentioned, during her lifetime to manage at her control or as she may think best for herself and her children in future, to contract debts and pay them out of the property as she may deem expedient, or to sell off the property as she thinks proper during her lifetime, and at her death—I want all the effects that she has in any way, lands, negroes and property of any kind whatsoever to be sold at public sale to the higest bidder and the proceeds or dues of said

sale to be equally divided between my four children," naming them.

It is in right of the four children named, as remaindermen, she being their sole surviving heir at law, that her contention is based on for recovery. Assuming that a remainder was created, it is clear that the gift over was intended to operate simply on such of the property as was unsold by Mrs. Jones, at her death, since Mrs. Jones had an absolute power of disposition by sale of any or all of the property devised to her. Conceding the applicability of section 1046 of the Code, without deciding that it has application to the provisions of the will quoted above, prior to its enactment where the devise, was one for life *with absolute power of disposition*, the first taker took the absolute fee free from the limitation over and the remainderman took nothing. The limitation over, attempted to be created in such cases, was void for repugnancy.—*Flinn v. Davis*, 18 Ala. 132; *Alford v. Alford, Admr.*, 56 Ala. 350; *Hood v. Bramlett*, 105 Ala. 660; *Ide v. Ide*, 5 Mass. 500; *King v. King*, 12 Ohio, 390, 474. And this is still the law as to creditors and purchasers. So far as their rights are involved the first taker is still the owner of the fee. As said in *Hood v. Bramlett, supra*: "Section 1850 [1046] of the Code, is no more than a statutory recognition of this doctrine so far as purchasers and creditors are concerned, but it changes the rule, where rights of purchasers and creditors do not supervene, in respect of and only in respect of future estates *limited* upon the life estate of the donee of the power, and to estates thus limited provides in effect that unless the power of disposition is exercised by the tenant for life or years, they shall be executed and vested in title, possession and enjoyment in the remainderman upon the death of the tenant of the particular estate. But the ulterior estates thus protected must rest upon express limitations and not upon mere implication."

It affirmatively appears that Mrs. Jones, in whom was reposed the power of sale of the fee of the lands, in 1867, sold them to the defendant's vendor, Mrs. Cobb, who paid the purchase money and went into possession,

and executed to her a warranty deed conveying a fee simple estate.   It is true it is also made to appear that Mrs. Jones had prior to the execution of this deed intermarried with one McClaren and was his wife at the date of its execution.   Its validity is challenged upon the ground that her husband did not join with her.   It is doubtless true that no valid conveyance of Mrs. Jones' estate in the land could have been made by her alone. § 1984 of Code 1852; § 2373 of Code 1867.   Since she is dead and the only estate she took by virtue of the will was a life estate, the questions presented are: 1st. Whether she could, without the consent of concurrence of her husband, execute the power conferred upon her to dispose of the fee; and 2d, does it appear that she intended to execute it?

Before answering these questions it may be well to say, and not to assume, that a mere power collateral or in gross was conferred upon Mrs. Jones to dispose of the fee.—1 Sugden on Powers, p. 106, also pages 183-4 and note; Kent's Com. (13 ed.), p. 317; 2 Wash. on Real Propetry, p. 691; 22 Am. & Eng. Encyc. of Law, (2d ed.) 1155-6.

It is thoroughly well settled that at common law a married woman could, without the consent or concurrence of her husband, execute a power, whether appendant, in gross or simply collateral, notwithstanding her disability to dispose of her own estate.   And it is of no consequence whether the power was granted to her before or after she became a married woman.—1 Sugden on Powers, p. 181, 182; Kents' Com., p. 325; 2 Wash. on Real Property, p. 317; 22 Am. & Eng. Encyc. Law, (2d ed.), 1106 and notes.   This principle is stated by Mr. Sugden in this language: "By the common law a married woman, could not dispose of her own estate without a fine and recovery, for which the statute law has now supplied a deed, with certain formalities; but, simply, as the instrument or attorney of another, she could convey an estate in the same manner as her principal, because the deed was considered as the deed of the principal, and not of the attorney and her interest was not affected. * * * It is not material whether the power

29

[Young v. Sheldon, Admr.]

is given to an unmarried woman, who afterwards marries, or to a woman while she is married or upon her marriage and she survives her husband, and afterwards takes another; in all the cases she may execute the power, and the concurrence of her husband is in no case necessary."

In discussing the statutory mode regulating conveyances by married women of their estates in lands the Supreme Court of Maryland in *Armstrong v. Kerns* (61 Md. Rep. 367), after pointing out the requirement of the statute that the husband must join in the deed, said: "But it has never been considered that this statutory mode of conveyance by the wife jointly with her husband, was exclusive of all other modes of conveyances that might be prescribed or authorized by the grantor, donor or settler of the property upon the wife, or that it rendered the wife incapable of executing a power." In *Deffenbaugh v. Harris*, (18 Weekly Notes of Cases, 357), the action was ejectment, as here, and the plaintiff's right to recovery depended upon whether there had been a proper execution of the power by the life tenant, a married woman, upon whom had been confererd a power of disposition of the fee. The donee of the power executed a deed conveying the fee to one Stevens, without her husband joining in it, and the point was made against its validity on that account. The trial court excluded the deed and the defendants appealed. The will conferring the power was so strikingly similar in language to this one that we quote it. It read: "I give and bequeath to my daughter Mary, intermarried with Joseph S. P. Harris, the house and lot, etc., [describing the property], and I hereby authorize and empower my said daughter Mary to sell and dispose of the same as she may think proper, but in case of her death and the property as aforesaid remaining unsold, then it is to be equally divided amongst her children, share and share alike, as they may arrive at the age of twenty-one." It also appears from the brief of counsel that there was a statute regulating the execution of con-

veyances by married women similar to ours. The court speaking through STERRETT, J., said: "Construing the devising clause in question according to the plain import of the language employed and in the light of other provisions of the will, we think the testator intended to give Mrs. Harris a life estate in the lots with remainder in fee to her children, subject, however, to diversiture by the execution of the power of sale given in express terms to the life tenant. The power thus given to Mrs. Harris by her father is a power to appoint, by way of sale or otherwise, to other uses than those specified in the will, and was, therefore, well executed by herself alone without her husband joining in the deed of conveyance to Stevens. Nothing is better settled than that a *feme covert* may, without the concurrence of her husband, execute any kind of power, whether given to her when single or married. To require his concurrence might not only embarrass the donee of the power in its execution, but in case of his refusal to concur would prevent its execution altogether, and thus defeat the testator's intention. It is obvious from a consideration of the entire will in the case that the intention of the testator was to exclude the husband from all interest in the control over the property to which the power of sale relates. Stevens, the vendee of Mrs. Harris, derived title to the lots in question, as part of the estate of Aaron Burns, (testator), under and by virtue of the power of sale, and not by virtue of any estate in Mrs. Harris herself. The only estate she had was for life, but the power of sale when executed, as it was by a regular deed of conveyance, vested in him the fee to the lots in controversy; and the plaintiffs in error claiming under him, should have been permitted to show their title."

This authority practically decides every question involved in the case under consideration. It is true the second question propounded above is not discussed, and the intention of the donee of the power to execute it seems to be assumed to have existed from the fact that the deed purported to convey the fee. And this assumption was a correct one as we shall show. "It is not necessary that the intention to execute a power of

sale shall appear by express terms or recitals in the instrument. It is sufficient that it shall appear by words, acts or deeds, demonstrating the intention."—*McRea v. McDonald*, 57 Ala. 423. Nor is it necessary that the power be referred to or recited in the deed of the donee of the power, provided the act of the donee shows that he had in view the subject of the power.

An instance used by Mr. Washburn, quoted approvingly in *Gindrat v. Montgomery Light Co.*, 82 Ala. 604, and in *Gulf Red Cedar Co. v. O'Neal*, 131 Ala. 133, of a sufficient execution of power is directly in point. It is this: "Thus, if one have a life estate in land and a power of appointing in fee, and conveys the fee it is an execution of the power." Continuing, the author says: "When a person conveys land for a valuable consideration, he must be held as engaging with the grantor to make the deed as effectual as he has power to make it."—See also *Yates v. Clark*, 56 Miss. 212; *Baird v. Boucher*, 60 Miss. 326; *White v. Hicks*, 33 N. Y. 383; *Hall v. Preble*, 68 Me. 100; *South v. South*, 91 Ind. 221; *Funk v. Eggleston*, 92 Ill. 515; *Bishop v. Remple*, 11 Ohio St. 277.

In conclusion it may not be amiss to say that section 1052 of the Code simply prescribes the formality of the instrument necessary to a valid execution of a power and in no wise affects the capacity of the donee to execute it.

Affirmed.