## Smith, *et al. v.* Cain, *et al.*

*Bill to Enforce Claim for Money and for an injunction.*

(Decided May 21, 1914.  65 South. 367.)

1. *Wills; Construction; Rights of Heirs.*—Under the will in this case, the rights of remaindermen were not limited to such property as the widow saw fit not to dispose of in her lifetime, but included the proceeds of sale of property belonging to the testator which the widow invested in other securities that remained unconsumed at the time of her death.

2. *Trusts; Enforcement; Equity Jurisdiction.*—Where a testator bequeathed the remainder of his property not disposed of by his widow to his heirs, and by commutation by the widow of the original

property of the estate, the legal title to the property remaining was in the widow at the time of her death and passed to her legal representative, a court of equity will take jurisdiction to declare and enforce a testamentary trust in favor of the heirs, and the executor of the widow was a proper and the only necessary party.

3. *Executors and Administrators; Actions Against; Statutes.*—The statutory inhibition contained in section 2803, Code 1907, has no application to a bill against an executor or administrator filed for the purpose of enforcing a testamentary trust.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Hiram O. Cain and others, against John G. Smith, as executor, and others, to enforce complainant's claim for certain money and securities and to enjoin respondents from taking or disposing of same. From a decree overruling demurrers to the bill respondents appeal. Affirmed.

The bill shows that Thomas Y. Cain, deceased, disposed of his estate by will as follows:

Item 1: I give all, both real and personal property to my wife Nancy Jane Cain, for her to have and control all that I have now or may hereafter be possesed of, for her to collect all rents and debts, if any, and to control the same as I might myself if living; to pay all just debts, if any; and the said Nancy Jane Cain, my wife, to have and to hold all that I may be possesed of at my death, to sell and convey any property she may choose for her support or comfort, and she may see proper, during her natural life, and at her death, what may be left of my said estate, the same to be divided according to law in such cases made and provided, and I hereby appoint and establish my wife Nancy Jane Cain, my executrix of this my last will and testament, and that she shall not be required to give any bonds whatsoever for the faithful carrying out of this trust.

The bill further shows that the widow, Nancy Jane Cain, sold and conveyed nearly all of the real estate be-

longing to the said T. Y. Cain, deceased, at the time of his death, investing the proceeds in real estate mortgages, and depositing a part of the proceeds thereof with defendant First National Bank of Birmingham; that these mortgages were taken, and the deposits made in her own name, and that a large number of these mortgages are now in possession of defendant bank for safekeeping; that Nancy Jane Cain had died testate, and respondent John G. Smith is her testamentary executor; and that the said mortgages and cash on deposit in said bank constitute, to a large extent, what was left of the estate of said T. Y. Cain, deceased, at the time of the death of said widow, Nancy Jane Cain, and in equity belonged to complainants as the heirs at law of said T. Y. Cain. It further shows that defendant John G. Smith claims said mortgages and cash as part of the estate of said Nancy J. Cain, deceased, and avers that he will, unless enjoined therefrom, take possession of the same, or administer them as such executor. The prayer is for a decree adjudging that the said mortgages and money belong to complainant; that said defendant Smith be enjoined from taking possession of or holding them as the property of his testator, Nancy J. Cain, and that the bank be enjoined from delivering them to said Smith; also prayed for general relief. The demurrer argued is that the bill is without equity.

Z. T. RUDOLPH and BONDURANT & SMITH, for appellant. The widow's right was without restraint or control by the courts and her disposition was not limited to her necessities for her support and comfort.—*Cain v. Cain,* 127 Ala. 440. The limitation over was void for repugnancy.—*Flinn v. Davis,* 18 Ala. 142. The power was exhausted when the widow exercised it.—*Wells v. Am. Mtg. Co.,* 109 Ala. 442. No trust is created.—2

Story's Eq. 1070. The suit was prematurely filed.—§ 2803, Code 1907. If there was any right, there was a remedy by detinue.—*Stokes v. Yerby,* 11 Ala. 222.

BURGIN, JENKINS & BROWN, for appellee. The statutory inhibition against bringing suit against executors or administrators is without application where outside parties claim adversely to the title or right of decedent or his personal representatives.—*Hunnicutt v. Higginbotham,* 138 Ala. 472; *Baker v. Mitchell,* 109 Ala. 490; *Torrey v. Bishop,* 104 Ala. 548; *Alabama State Bank v. Glass,* 82 Ala. 278. Under the will the remain- . dermen were entitled in equity to the property purchased with the proceeds of the property devised.—*McCormick v. McCormick,* 121 S. W. 450; *Alford v. Alford,* 56 Ala. 350.

SOMERVILLE, J.—In the case of *Cain v. Cain,* 127 Ala. 440, 29 South. 846, it was held that the provisions of the will of Thomas Y. Cain, here exhibited, gave to his widow, Nancy J. Cain, an absolute right to dispose of all of the testator's property, without restraint or control by the courts. Nevertheless, it is clear that under the terms of the will the heirs at law of the testator are entitled to all or any part of the estate remaining unconsumed and undisposed of at the death of Nancy J. Cain.—*Alford v. Alford,* 56 Ala. 350; *Rutledge v. Cramton,* 150 Ala. 275, 43 South. 822. This proposition is not denied by appellants, but their insistence is that when Mrs. Cain exercised her power to sell any of the devised property, the proceeds at once became her absolute property, and, whether consumed by her or not, were absolved from any element of trust in favor of the remaindermen heirs at law. Appellants' theory is, in short, that the interests of the remaindermen can at-

tach, under the terms of the will, only to such of the testator's property as remained in the hands of Mrs. Cain at her death unchanged in kind and in form. This theory is not without some degree of plausibility, but we think it is unwarranted and unsound. The intention of the testator is clear, and it is expressed in language that is simple and intelligible. He desired that his widow should have the unrestricted enjoyment of his estate "for her support and comfort," and to that end she was authorized to sell and convey during her lifetime as much of it as she wished. It was equally his desire that whatever was left of the estate at her death should go to his heirs at law. To hold that this latter provision contemplated as the *residuum* of the estate only so much of it as remained unchanged in kind or form, would require a narrow and extremely technical construction of the will, and would unquestionably ignore and defeat the clear design of the testator.

Dealing with a similar will and a similar contention, the Supreme Court of Missouri, through Brace, J., said:

"Nor do we think such intention should be defeated by a purely technical construction of the will. On the contrary, such intention should be carried into effect, as we think it may well be, on principle and upon the authority of the adjudicated cases.   *   *   *   From which we think the doctrine may be deduced that a power of disposition, superadded to a life estate, in a mixed estate of real and personal property given to the wife as a present provision, ought not, against the intention of the testator, to defeat a future provision made for his children, to take effect at her death, out of the same estate, if there remain anything of that estate to satisfy such provision in the hands of the life tenant at her decease, whatever change in the form of the property she may have effected under the power given her in the will.

Unless this doctrine, consonant with justice and common sense, is maintained and applied, in many cases in which wills are drawn by unskillful persons, the manifest intention of the testator must be defeated, a result to be avoided, if possible, in all cases."—*Redman v. Barger,* 118 Mo. 568, 24 S. W. 177.

This doctrine is supported by the following authorities: *Cushman v. Goodwin,* 95 Me 353, 50 Atl. 50; *Keniston v. Mayhew,* 169 Mass. 166, 47 N. E. 612; *Henninger v. Henninger,* 202 Pa. 207, 51 Atl. 749. See note to *Grace v. Perry,* 197 Mo. 550, 95 S. W. 875, 7 Ann. Cas. 948, 956.

So, also, in a substantially similar case, the Supreme Court of Kentucky has reached the same conclusion. Said the court:

"He [the testator] gave the property to his wife during her natural life, and at her death to his children equally. He also gave her the right to sell any of the property at any time she thought best; but the power of sale given the life tenant in no wise enlarged her life estate. When she sold the land, she had only a life estate in the proceeds.—*Anderson v. Hall,* 80 Ky. 91, *Embry v. Embry,* 102 S. W. 239, 31 Ky. Law Rep. 295. When the proceeds of the land were invested by her in other land, this simply stood in the place of the original tract; for, so long as the proceeds of trust property may be identified, the chancellor will enforce the trust." *McCormick v. McCormick* (Ky.) 121 S. W. 450.

In the case of *Alford v. Alford,* 56 Ala. 350, the will in question gave to the testator's wife all of his property, for life, "to be used by her in such manner as she may choose," and authorized her "to sell and dispose of all the property, and to invest the proceeds according to her own judgment, and to use and enjoy the said property, or the proceeds thereof, during her life, without

restriction, and without being accountable for the same."

Construing these provisions, Judge Stone said for the court:

"We hold, that Mrs. Alford took only a life estate, alike in the realty and personal, but is not liable to account for anything that may have perished, or been consumed in the use, nor for anything sold by her, unless the proceeds went into other investments, which she retained at her death."

It is to be conceded, of course, that, both in the *Alford Case* and in the *Kentucky Case* cited above, the testamentary provisions are somewhat different from those in the instant case, and hence that those cases are not authorities directly in point. They are, however, persuasive of the principle, involved in all such cases and are deserving of consideration.

We hold that on the facts alleged, the money and securities in question are in equity and good conscience a part of the estate left by Thomas Y. Cain, and passed under his will to his heirs at law upon the death of the life tenant, Nancy J. Cain.

Since by commutation of the original property of the estate, the legal title to this property was in Mrs. Cain, and upon her death in her personal representative, a court of equity will take jurisdiction to declare and enforce the testamentary trust in favor of these complainants, and to that end John G. Smith, as her executor, is the proper and the only necessary party.

The statutory inhibition of suits and judgments against personal representatives for 6 and 12 months, respectively (Code, § 2803), has no application to suits of this character, as has been repeatedly declared by our decisions.—*Ala. St. Bank v. Glass,* 82 Ala. 278, 2 South. 641; *Baker v. Mitchell,* 109 Ala. 490, 20 South. 40.

[Dozier v. Farrior, et al.]

The demurrer was properly overruled, and the decree of the chancellor will be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and GARDNER, JJ.. concur.