6 So.2d 401

**WINN et al. v. WINN et al.**

4 Div. 200.

Supreme Court of Alabama.

Feb. 12, 1942.

M. Sollie, of Ozark, J. J. Winn, of Clayton, and Speight & Tiller, of Dothan, for appellants.

A. G. Seay, of Troy, for appellees.

BOULDIN, Justice.

Primarily this litigation is to recover the estate of remaindermen after the death of a life tenant.

The property rights of the parties derive from the will of Dr. Colin McSwean, who died in 1910. The will, Items 2 to 8, appear in the report of the case.

For present purposes, we observe, the will named Margaret A. McSwean, wife of the testator, as executrix without bond; devised and bequeathed to her a life estate in all his property, real and personal, subject to payment of debts, with remainder to collateral relatives, named in the will. The will contained three powers of disposition of the corpus of the estate.

1st. Sale for the payment of debts, a power incident to the office of executrix. This power was never exercised so far as appears, certainly not as to the realty.

2nd. Sale of real estate for reinvestment in other real estate, title to be taken as theretofore held in the lands sold. This was a personal trust.

3rd. Sale for maintenance and support of the wife, the life tenant, if need be, etc.

The nature of this power, and alleged abuse of it, furnish the basis of this lawsuit.

The will of Dr. McSwean was promptly probated after his death in 1910, letters testamentary issued as per the will, and Mrs. McSwean took possession of the property of the estate, and continued to hold and dispose of same until her death in November, 1932. This bill was filed December 27, 1932; proof taken 1940, and submitted on pleadings and proof on October 18, 1940. Final decree dismissing the bill was entered January 13, 1941.

The estate of Dr. McSwean consisted of personalty, cash and choses in action, aggregating some $2,000. No final settlement appears to have ever been made by the executrix. At this late date no data are presented to hold any one to account to remaindermen for the corpus of the personal estate, and the same may pass from further consideration.

The real estate of Dr. McSwean consisted of two parcels.

One was a lot known as the old Post Office property in the Town of Brundidge.

No sale of this property or other disposition of title thereto was ever made by the life tenant under any power given by the will. She had no power to dispose of this property by will. Braley v. Spragins, 221 Ala. 150, 159, 128 So. 419; Reeves v. Tatum, 233 Ala. 455, 458, 172 So. 247.

This property now belongs to the successors in right and title to the remaindermen named in the will, who took vested remainder interests as of the date of

the testator's death, defeasible by the exercise of a power never exercised. Under pleadings and proof complainants were and are entitled to have this property sold for division.

The other parcel of real estate was a tract of 1,478 acres, more or less, in Pike County. This was farm lands, or farm and timbered lands. The life tenant had possession and control, enjoying the rents and profits for some 18 years after the testator's death.

Meantime she had married Rev. S. M. Hosmer in 1912. He died some 3 years later. Under the name of Margaret A. Hosmer, as executrix, etc., she negotiated a sale of this tract of land to J. T. Ramage in the fall of 1927, for $12,000. The purchaser paid $2,000 on purchase money about October 29, 1927, and the balance, $10,000 upon the execution of a deed January 5, 1928.

This deed, in a preamble, recites the sale of lands was being made under the power to sell for reinvestment and also the power to sell for support and maintenance.

Mr. Ramage, the purchaser, was made respondent to the original bill. He died pending the suit and before proof taken. His executors were brought in as parties.

The bill challenges the validity of this deed on the ground of bad faith and fraud, participated in by the purchaser; seeks to set the same aside and have an accounting for rents and profits after the death of the life tenant and for timber alleged to have been sold from the land.

■ Dealing with the power to sell for support and maintenance set forth in Item 5 of the will, we are not in accord with the view that this is an absolute power of disposition within the meaning of §§ 6928, 6931, Code of 1923, Code 1940, Tit. 47, §§ 76, 79.

It is not a power to dispose of the fee at pleasure for the sole benefit of the holder of the life estate. It is a qualified or limited power to be exercised when the occasion arose to sell for support and maintenance. A purchaser, taking under such power as part of his chain of title, was charged with knowledge of the scope of such power. Such purchaser, with notice that the vendor was disposing of the fee in bad faith, with intent to defraud the remaindermen of the estate the testator intended they should take, would not

be protected under these statutes. Yockers v. Hackmeyer, 203 Ala. 621, 84 So. 709; 36 A.L.R. 1230, note; Powell v. Pearson, 220 Ala. 247, 255, 125 So. 39.

■ Neither is this a contingent power, in the sense of a condition precedent, casting upon the purchaser the burden to show a necessity to sell for support and maintenance.

■ Such power of disposition is to be construed to give effect to the intent and purpose of the testator. In his thought the wife was the first object of his bounty. Her security throughout the years she should survive was in mind.

■ "If she thinks it necessary" was inserted as definitive of the power in connection with the will as a whole. Her own bona fide judgment of the necessity to sell is to be regarded. Bad faith, fraudulent conduct is not presumed in the law. On like principles men are not charged with the duty of suspecting fraud in dealing with their fellows in the absence of indicia of fraud, or unless the transaction be fraudulent per se, as in some cases. To impose the burden of proof on the purchaser would defeat the power, deter the prudent man from purchasing under such power.

■■ The standard of living to which the wife was accustomed, a standard in keeping with her position in life, entered into the question of her reasonable expenditures through the years. Nothing in this voluminous record would justify a finding of any arbitrary sum, say of $1,000 or $2,000 per year as the limit of her proper expenditures for some eighteen years preceding the sale of this property, or some five years of her old age thereafter. While Mr. Ramage was her tenant, friend and banker, there is no more occasion to infer he knew of a fraudulent course of conduct on the part of Mrs. Hosmer, than to infer he knew she was acting in good faith. The record does not justify a finding of fraud on the part of either. We find no sufficient ground to vacate the conveyance to Mr. Ramage. Braley v. Spragins, supra; Young v. Sheldon, Adm'r, 139 Ala. 444, 36 So. 27, 101 Am.St.Rep. 44; 33 Am.Juris. p. 731, §§ 245, 251, 261; 114 A.L.R. 951; 49 C.J. 1306, § 151; 69 C.J. 1943.

This brings us to the question of tracing the purchase money received by the life tenant and unexpended at the time of her death.

■ Mrs. Hosmer deposited the whole of the purchase money in a new and separate account in the bank. She did not invest any part of it in real estate as per the will. She did, however, within a few days thereafter make a loan of $5,000 to Jackson-Haisten and Company The money loaned was drawn from this fund. No other deposits had been made in that account at the time. We are convinced this loan represented the proceeds of the land sold to Mr. Ramage. Mrs. Hosmer collected $1,000 of this loan in her lifetime. The balance of $4,000 was outstanding when she died. It was collected thereafter by her executors who have prudently held it pending this lawsuit. This fund belongs to the remaindermen. It represents their remainder interest in the lands. By proper decretal orders it should be paid into court and distributed to the remaindermen along with the proceeds of the sale of the Post Office lot. Smith v. Cain, 187 Ala. 174, 65 So. 367.

This, we conclude is the extent of the relief to which complainants are entitled. We enter into no discussion of the voluminous evidence found in the record.

■ The decree of the court below is reversed and cause remanded for decretal orders in line with this decision. Let the costs of appeal in both courts be taxed against the executors of Mrs. Hosmer's estate to be paid from the funds of the estate, but not to deplete the fund of $4,000 belonging to the remaindermen.

Reversed and remanded.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.