ADAMS, Justice.
Gladys Lee Bullard appeals from the Coffee County Circuit Court’s judgment wherein her petition seeking authorization to sell certain property was denied. We affirm.
The facts of this case are as follows:
Robert Lee executed his last will and testament on or about November 1, 1976. On March 9, 1977, Lee died. The will was probated and recorded, without contest from any of the parties, on March 28, 1977.
In March 1981, Gladys Lee Bullard, the widow of Robert Lee, petitioned the court for authorization to sell seventy-five acres of property she took through Robert Lee’s will. Bullard claimed that she was granted the power to sell the property in paragraph two of the will, the pertinent portion of which reads:
I do hereby give, devise and bequeath unto my wife, Gladys Lee, ... all other tangible or intangible property, be it real, personal or mixed, of whatever kind or nature, and wheresoever the same may be located or situated, which I may own at the time of my death, or over which I may have any power of testamentary disposition at the time of my death, to be hers to have, use and enjoy for the remainder of her natural life only, with the right to sell, mortgage, or otherwise pledge said property should same become necessary for health and comfort, and upon the termination of the life estate hereby created, it is my will and I do hereby direct that said property shall go to the following survivors of us: ... in equal shares; share and share alike. [Emphasis added.]
Bullard asserted that this provision conferred upon her an absolute right to sell the property and use the proceeds as she saw fit.
The beneficiaries under the will opposed the sale, claiming that Bullard did not have an absolute right to sell the property, because. she was only given a life estate, and not a fee simple absolute, with regard to the property.
At trial, the court, sitting without a jury, listened to the testimony of Bullard and her physician, Dr. Robert Zoomstein. After considering the pleadings and testimony offered, the court found that “the present circumstances do not warrant a sale of the lands or a part thereof as requested by petitioner, Gladys Lee.”
Following a denial of her motion for a new trial, Bullard appealed to this Court.
The sole issue for our review is whether the trial court was correct, based upon the pleadings and evidence presented, in denying Bullard’s petition for authorization to sell property which she received in the will of her late husband, Robert Lee, which authorization was sought on the basis of her claim that she had an absolute right to sell the property. We are of the opinion that there was sufficient evidence to support the court’s conclusion. Therefore, its judgment is affirmed.
We make one crucial point at the outset. That is, when the trier of fact has the task of construing a will or a provision thereof, it must endeavor to ensure that the intent of the testator is effectuated. Griel Memorial Hospital v. first Alabama Bank of Montgomery, 387 So.2d 778 (Ala.1980). Thus in the case sub judice the trier of fact attempted to discern the intent of Robert Lee so as to make sure that this intent was honored. But, appellant Bullard bases her argument on the contention that she was given an absolute power of disposition regarding the property. However, upon consideration of the existing case law, *1199 as well as the will itself, we are of the opinion that this contention is not well founded.
In Winn v. Winn, 242 Ala. 324, 6 So.2d 401 (1942), this Court stated:
Dealing with the power to sell for support and maintenance ... we are not in accord with the view that this is an absolute power of disposition.... It is not a power to dispose of the fee at pleasure for the sole benefit of the holder of the life estate. It is a qualified or limited power to be exercised when the occasion arose to sell for support and maintenance.
242 Ala. at 328, 6 So.2d at 404.
It is clear from the language in Winn that Gladys Lee Bullard was not meant to have an absolute power of dissolution, but a limited power to be used only when it became necessary. Although the language in the will in Winn was slightly different from that in the will before us on appeal, because Robert Lee did not use the words “support and maintenance,” it is nevertheless apparent that he intended the same result. The provision in the will before us states that the property was “to be hers to have, use and enjoy for the remainder of her natural life only, with the right to sell, mortgage, or otherwise pledge said property should same become necessary for health and comfort.” From this language it is obvious that Lee wished to give his wife a life estate, with the named beneficiaries to take the property at her death. However, if it became necessary for health and comfort reasons for her to sell the property to be able to live, then and only then could she do so. If Robert Lee had wanted her to have absolute power to dispose of the property, he could have included a provision to that effect in the will. Alternatively, he could have worded the existing provision in such a way as to confer upon his wife Gladys an absolute power of disposition over the property, but if she failed to exercise that power for whatever reason, then what remained would pass to the named beneficiaries. This was not done. Robert Lee specifically limited his wife’s power to sell to a situation in which she needed the money for her health and comfort. Bullard did not prove such a situation at the time of trial.
The court listened to Gladys Bullard testify concerning her financial status. She testified that she had $4,000.00 in a savings account, received $326.00 a month from Social Security, $45.96 from her deceased husband’s retirement plan, collected $1,500.00 as annual rent from the farm, and owned a 1977 Dodge, which Robert Lee bought for her before he died. She also testified that since her husband’s death she had received about $14,000.00 from the estates of her husband’s mother and father.
After listening to her testimony and that of her doctor, the court found that, based upon her assets, her present situation did not necessitate a sale of the property for her health and comfort. Since it appears that Robert Lee wanted her to sell the property only in case of need, the court denied Bullard’s petition for authorization to sell the property and use the proceeds as she pleased.
In Winn v. Winn, supra, we stated that a power of disposition granted in a will must be construed so as to' give effect to the intent of the testator. While we recognize that Lee was concerned for his wife’s welfare, at the same time we are of the opinion that his concern was that she should not have to suffer if her funds ran low, but should be able to sell the property if the need arose. Considering all the surrounding circumstances, the court found that there was no present necessity to allow Bullard to sell the property. Based upon the particular facts here and the particular language of the will, we agree that the court had sufficient evidence to reach the conclusion it did. Therefore, its judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, AL-MON and EMBRY, JJ., concur.