MOORE, Chief Justice
(dissenting).
In addressing the nature of § 35-4-292(a), Ala.Code 1975, this Court has stated: “The obvious intent of § 35^1-292 was to effect a change in the common law so as to give effect to the testator’s intent, ... where clearly provided in the will, allowing the remainderman to receive the property if the life tenant died without disposing of it.” Gaylord v. Goldblatt, 423 So.2d 203, 204 (Ala.1982) (emphasis added). I conclude that Hattie Williams disposed of the property. Furthermore, the language of the will at issue states that upon the death of Hattie Williams, “any part of [the] estate then remaining shall go [to Lacy Williams’s descendants].” (Emphasis added.) This language is significantly different than the language of the will at issue in Smith v. Cain, 187 Ala. 174, 65 So. 367 *603 (1914), and is thus distinguishable. Consequently, I respectfully dissent.