# Cain *v.* Cain.

*Bill in Equity to enjoin Executrix from Disposing of Property of Testator.*

1. *Will; construction thereof.*—A will in which the testator devises all of his real and personal property to his wife, to have and control it as he would do if living, and "to sell and convey any property she may choose for her support or comfort as she may see proper, during her natural life; and at her death what may be left of my said estate, the same to be divided according to law in such cases made and provided," gives to his wife an estate for life in all of his property, with the absolute right of disposition of the same without restraint or control by the courts; and her right of disposition is not limited to the necessities for her support and comfort.

[Cain v. Cain.]

APPEAL from the Chancery Court of Jefferson.
Heard before the Hon. JOHN C. CARMICHAEL.

Thomas Y. Cain, a citizen of Jefferson county, Alabama, died in September, 1899, leaving a last will and testament, which was duly probated in Jefferson county on November 7, 1899. The widow of the testator survived him. He left no children, but four brothers and the children of a deceased sister survived him. The will is copied in the opinion. The present bill is filed by Joseph Cain, a brother of the testator, who avers therein that Nancy J. Cain, the widow of Thomas Y. Cain was acting as executrix of the last will and testament of Thomas Y. Cain, without having letters testamentary issued to her; that said Nancy J. Cain was claiming the right, without letters testamentary, to dispose of the property owned by the testator at the time of his death in any way her pleasure might dictate, and for such purposes as she might desire, and that the interest of the orator in the estate of Thomas Y. Cain, deceased, would be endangered unless letters testamentary issue to Nancy J. Cain and she be required to execute a bond as executrix.

The prayer of the bill was that the said Nancy J. Cain be enjoined from making sale or disposition of said property or acting as executrix of the last will and testament of the testator without letters testamentary and without making bond as such executrix. There was also a prayer for general relief. The will was attached as an exhibit to the bill. The defendant made a motion to dismiss the bill for want of equity. She also demurred to the bill upon the ground that the bill shows on its face that all of the estate of Thomas Y. Cain, deceased, was bequeathed and devised to the defendant with absolute power of disposal of the same, and that during her life time no control could be exercised over the estate by any court or person; and that the power of the defendant's disposition and use of the estate of the testator was unrestricted in any manner whatever.

On the submission of the cause on the motion and the demurrer, the chancellor rendered a decree overruling each of them. The defendant then filed an answer to the

[Cain v. Cain.]

bill in which she set up that under the will she had the
right to manage and control the estate free from re-
straint, but that she had not used any of the estate for
any purpose except to pay the debts of the testator and
for her support and maintenance.

The cause was submitted upon the pleadings and up-
on an agreed statement of fact, which disclosed that a
few days after the bill was filed, letters testamentary
were granted to the defendant by the probate court of
Jefferson county; that the defendant was 65 years of
age, of feeble body and infirm in health; that she was
economical, simple and inexpensive in her habits, and
that the net income of the property was not more than
sufficient to support and sustain her. The chancellor
decreed that under the will of Thomas Y. Cain, "Nancy
J. Cain took a life estate in all his property, and that
the heirs are to receive all of the property not disposed
of for her comfort and support, at her death." The final
decree then recited that it appearing to the court that
the complainant's interest in the estate of the testator
would be endangered unless the executrix made bond as
such executrix, or should be enjoined from disposing
of said estate, except for her comfort and support, and
beneficial repairs, it was ordered that said Nancy J.
Cain be restrained from selling or otherwise disposing
of the real or personal property belonging to the estate
of Thomas Y. Cain without first obtaining an order of
the court, unless she shall execute a bond as such execu-
trix, etc. The defendant appeals, and assigns as error
the decree overruling the motion to dismiss the bill and
the demurrers thereto, and the final decree.

WARD & HOUGHTON, for appellant, cited Schouler on
Wills, §§ 462, 467; *Flinn v. Davis,* 18 Ala. 132; *Alford
v. Alford,* 56 Ala. 350; *Bolmar v. Lohman,* 79 Ala. 63;
*Hood v. Bramlett,* 105 Ala. 660; *Adams v. Mason,* 85
Ala. 452.

SMITH & SMITH, *contra,* cited *Hood v. Bramlett,* 105
Ala. 660; *Alford v. Alford,* 56 Ala. 350; *Griffin v. Prin-
gle,* 56 Ala. 486; *Bethea v. Bethea,* 116 Ala. 265.

VOL. 127.

SHARPE, J.—Formal parts omitted, the will of Thomas Y. Cain, who died in September, 1899, is as follows:

"1. I give all both real and personal property to my wife, Nancy Jane Cain, for her to have and control all that I have and control, all that I now or may hereafter be possessed of, for her to collect all rents and debts and control the same as I myself might if living; to pay all just debts, if any; and the said Nancy Jane Cain, my wife, to have and to hold all that I may be possessed of at my death; to sell and convey any property she may choose for her support or comfort, as she may see proper during her natural life, and at her death what may be left of my said estate the same to be divided according to law in such cases made and provided; and I hereby appoint and establish my wife, Nancy Jane Cain, my executrix of this my last will and testament, and that she shall not be required to give bond whatsoever for the faithful carrying out of this trust."

The terms of this will import a conveyance to Mrs. Cain of a life estate in the testator's property together with a power to dispose of the same *inter vivos*, which is unqualified unless in respect of the purpose for which it is given. The title she may convey is not confined to her life interest, but extends to the absolute estate in so much of the property as may be subjected to the power. This appears not merely from the language of the express grant, but also by implication from the direction given for dividing only "what may be left" at Mrs. Cain's death. Such a phrase when used in directing a disposition of property which is to succeed an estate for life, will, when its significance is not altered by something else, imply in the life tenant a capacity to convey the absolute as distinguished from the life interest:—See *McRee's Admr. v. Means*, 34 Ala. 349, and authorities there collated.

That under the devise in question Mrs. Cain may by conveying cut off any future estate we do not understand to be questioned, but the complainant's contention is that her power is not general and extends to only so much property as will suffice for her support and comfort. If the will is to be construed as conditioning

the power to sell upon a necessity for providing support and comfort, that the complainant's position is well supported by authority. In Hilliard Real Prop. Chap. 57, section 9, it is laid down that "A devise to one for life with power to sell if necessary for his comfortable support, creates a life estate with a contingent power, and a party claiming under a sale by the devisee must prove that the contingency has happened." And decisions to life effect are found in *Hull v. Culver*, 34 Conn.403; *Minot v. Prescott*, 14 Mass. 496; *Larned v. Bridge*, 17 Pick. 339; *Stevens v. Winship*, 1 Pick. 318. By those authorities a power so contingent can only be exercised in proportion to the necessity; but we are of the opinion that the power given by this will does not rest upon such a contingency. If the testator had so meant, it would have been easy and natural for him to have expressed that intention. In the sentence "to sell and convey any property she may choose for her comfort and support as she may see proper," the word choose seems to have been used as synonymous with wish, or desire, rather than to imply a mere right of selection; and by such use together with the omission of all reference to her necessities, it appears that the testator intended to invest his widow with full discretion in determining the occasion for selling, as well as the selection of property to be sold. We hold that though the power is expressed to be for a purpose, its exercise is bounded only by the donee's judgment and discretion in fulfilling that purpose, and that her discretion is not subject to be controlled by the courts.

The bill is not strengthened by anything in section 1046 of the Code. The statute embodied in that section recognizes that an absolute power of sale residing in a life tenant of land may of right be exercised to dispose of the fee, and protects the remainderman only to the extent that the power is not exercised.

The decree will be reversed and one will be here rendered dismissing the bill.

Reversed and rendered.