**McCREIGHT v. PORTER.    (7 Div. 392.)**

(Supreme Court of Alabama.    June 21, 1923.)

**1. Wills ⬤⟿601(1)—Devise held to create fee-simple estate in view of statute, irrespective of limitation over.**

A devise, in one clause of a will, of all testator's property to his brother, with the right to sell and use any or all of the property, with a provision in a later clause that on the brother's death without issue the property should go to others, but reciting that this provision shall not limit the brother's right to dispose of the property during life, vests a fee-simple title in the brother, in view of Code 1907, § 3396, providing that a clear gift is not to be cut down by anything which fails to indicate "with reasonable certainty" that such was the intention of the testator.

**2. Wills ⬤⟿629—Law favors vesting of estates.**

The rules of law favor the vesting of estates, to the end that the same shall become absolute at the earliest moment.

Appeal from Circuit Court, Talladega County; A. P. Agee, Judge.

Bill by C. W. Porter against James McCreight and others for removal of the administration of an estate into the chancery court, and for the construction of the will of H. W. Porter, deceased. From the decree, McCreight appeals. Affirmed.

James C. Burt, of Talladega, for appellant.

The cardinal rule for construction of wills is to ascertain the intention of the testator. Wolffe v. Loeb, 98 Ala. 426, 13 South. 744; Campbell v. Weakley, 121 Ala. 64, 25 South. 694. J. Mack Porter had the right to sell the property, but not the right to dispose of it by will. Code 1907, § 3424; 3 Words and Phrases, 2117; Cain v. Cain, 127 Ala. 444, 29 South. 846; Young v. Sheldon, 139 Ala. 444, 36 South. 27, 101 Am. St. Rep. 44; Pendley v. Madison's Adm'r, 83 Ala. 484, 3 South. 618.

Harrison & Stringer and Knox, Acker, Dixon & Sims, all of Talladega, for appellee.

A clear gift or devise cannot be cut down to a life estate by a mere implication. Park v. Powledge, 198 Ala. 172, 73 South. 483, L. R. A. 1917C, 1001; O'Connell v. O'Connell, 196 Ala. 224, 72 South. 81; Pitts v. Campbell, 173 Ala. 604, 55 South. 500; Code 1907, § 3396. A general power of disposition includes a power to dispose by devise. Beard v. Knox, 5 Cal. 252, 63 Am. Dec. 125; Forsythe v. Forsythe, 108 Pa. 129; Smith v. Phillips, 131 Ala. 632, 30 South. 872.

THOMAS, J. The bill was for removal of administration of the estate of H. W. Porter, deceased, from the probate court to the circuit court, in equity, and to have the will of said Porter construed. The parties respondent were James Mack Porter, Fannie Salley Porter, and the Methodist Episcopal Church South; the only appellant being James McCreight.

[1] Pertinent provisions of the will for construction are:

"2nd. I give, devise and bequeath to my brother James Mack Porter, all of my property, real, personal and mixed. The property mentioned in this section to include property of every kind and description, wherever located and is to include all notes and mortgages taken in the name of H. W. Porter and also in the name of Porter-Wells Loan Company as such last mentioned notes and mortgages are my individual property. The said James Mack Porter has the right hereunder to sell and use any or all of said property above mentioned.

"3rd. Should the said James Mack Porter die without issue and should he leave any of the property I have willed him herein undisposed of—then it is my will that the portion of the property so left him at his death shall be divided in two equal parts;—one half of the same to go to James McCreight of Petty, Texas, and the other one-half to go to the building church extension fund of the Methodist Episcopal Church, South. This section is not intended to limit the right of James Mack Porter to dispose of said property during his life time."

The lower court construed the will and held that it gave a fee-simple title to said James Mack Porter; hence the appeal.

─────────────────────────────────

Aside from the failure of notice to correspondents (Gen. Acts 1911, p. 589; L. & N. R. R. Co. v. Shikle, 206 Ala. 494, 90 South. 900; Sherrod v. McGruder [Ala. Sup.] 96 South. 78 [1]), in decision of the merits of the appeal, we will say that a clear gift is not to be cut down by anything which fails to indicate "with reasonable certainty" that such was the intention of the testator (Code 1907, § 3396; Fowlkes v. Clay, 205 Ala. 523, 88 South. 651; Pitts v. Campbell, 173 Ala. 604, 608, 55 South. 500; O'Connell v. O'Connell, 196 Ala. 224, 72 South. 81; Park v. Powledge, 198 Ala. 172, 73 South. 483, L. R. A. 1917C, 1001; Smith v. Phillips, 131 Ala. 629, 30 South. 872). See, also, Gunter v. Townsend, 202 Ala. 160, 164, 165-167, 79 South. 644.

[2] The rules of law favor the vesting of estates, for the reason that the same should become absolute at the earliest moment, and doubtful or obscure clauses have been so construed as to obtain such result. Henderson v. Henderson (Ala.) 97 South. 353; [2] Pearce v. Pearce, 199 Ala. 491, 74 South. 952; Montgomery v. Wilson, 189 Ala. 209, 66 South. 503; Campbell, Guardian, v. Weakley, Adm'r, 121 Ala. 64, 25 South. 694; Ralls v. Johnson, 200 Ala. 178, 75 South. 926.

In Rutledge v. Crampton, 150 Ala. 275, 43 South. 822, there was an express grant for life; such is not the case under Mr. H. W. Porter's will.

The decree of the lower court is affirmed. Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.