172 So. 247

**REEVES et al. v. TATUM et al.**

**4 Div. 908.**

Supreme Court of Alabama.

Jan. 23, 1937.

456

F. M. Gaines, L. A. Farmer, W. J. Tindle, and W. G. Hardwick, all of Dothan, for appellees.

Tompkins & Ramsey, of Dothan, for appellants.

GARDNER, Justice.

O. E. Williams died in 1918 owning certain real and personal property, disposed of by his will executed in 1906, which has been duly admitted to probate. His widow, Effie B. Williams, died in March, 1934, leaving a will executed the same month, which has also been admitted to probate. No child was born of this marriage, and the real contest relates to the right of the widow to make disposition of this property, formerly owned by the husband, O. E. Williams. The appeal therefore turns upon the proper construction of the will of O. E. Williams, which appears in the report of the case.

In paragraph 3 of the will all of his property is given by the testator to his wife, Effie, subject only to conditions in the two succeeding paragraphs. The contingencies named in succeeding paragraph 4 either never arose, or, if so, were duly met by his wife, Effie. As to paragraph 5, it appears testator himself indicated that

contingency could not be met, and desired its elimination. It follows, therefore, that paragraph 3 is to be construed without reference to these conditions. In this paragraph the wife is given the property without limitation of her title, and with full power of disposition, and under common-law principles the fee-simple title would have vested in her. Sections 6900 and 6931, Code, 1923; Smith v. Phillips, 131 Ala. 629, 30 So. 872; Whorton v. Moragne, 62 Ala. 201; Bolman v. Lobman, 79 Ala. 63; Rutledge v. Crompton, 150 Ala. 275, 43 So. 822; Hood v. Bramlett, 105 Ala. 660, 17 So. 105; Alford's Adm'r v. Alford's Adm'r, 56 Ala. 350; Smith v. Cain, 187 Ala. 174, 65 So. 367; Schowalter v. Schowalter, 217 Ala. 418, 116 So. 116; Braley v. Spragins, 221 Ala. 150, 128 So. 149.

But this paragraph does not stand alone, and must be construed in connection with the seventh paragraph, which makes express provision for testator's brothers and sisters in the following language:

"7. That upon the death of my said wife it is also my desire that all my estate remaining or so much thereof as she still has shall revert to my estate and descend to my brothers and sisters or their heirs according to the laws of descent and distribution in Alabama."

■ It is to be noted that in paragraph 3 the devise is in general terms only, expressing neither fee nor life estate (Schowalter v. Schowalter, 217 Ala. 418, 116 So. 116), and the general rule, uninfluenced by statute, applicable to such provision, even with limitation over as in paragraph 7 of the will, is well and concisely stated by the annotator of the note to Chesnut v. Chesnut, 300 Pa. 146, 151 A. 339, 75 A.L.R. 66, 72, as follows:

"It may be stated as a general rule that where there is a devise or bequest to one in general terms only, expressing neither fee nor life estate, and there is a subsequent limitation over of what remains at the first taker's death, if there is also given to the first taker an unlimited and unrestricted power of absolute disposal, express or implied, the devise or bequest to the first taker is construed to pass a fee, and the limitation over is invalid."

But our statutes (sections 6928 and 6929, Code 1923) were enacted to relieve against the common-law rule, which often resulted in a clear defeat of the testator's real and evident intention. Alford's Adm'r v. Alford's Adm'r, 56 Ala. 350, 352; Rutledge v. Crompton, 150 Ala. 275, 43 So. 822.

As to purchasers and creditors, section 6928 of the Code confirms the previous decisions of this court in enforcing the common-law rule, but in those cases where there had been no sale or other execution of the power, the statute was intended to change the rule and protect the estates of those in remainder. Alford's Adm'r v. Alford's Adm'r, supra; Rutledge v. Crompton, supra.

And section 6929 of the Code was intended for like result where there was absolute power of disposition given "to any person to whom no particular estate is limited." In such a case this statute provides that "such person also takes a fee, subject to any future estate which may be limited thereon; but absolute in respect to creditors and purchasers."

The two sections are in purpose and meaning the same, the first having reference to particular estates and the latter to those instances in which no particular estate is granted, both involving absolute power of disposition.

■ As to section 6930, it is but declaratory of the common law as held in Manfredo v. Manfredo, 191 Ala. 322, 68 So. 157, and is inapplicable here.

■ But section 6929 of the Code is here directly applicable, for in the will here for construction no particular estate was given to the wife, and she had absolute power of disposition. There is, however, an estate in remainder. And this is an express remainder as distinguished from one by implication, the latter character of remainder, that is by way of implication, being without the influence of these statutes as expressly held in Hood v. Bramlett, supra, and Jemison v. Brasher, 202 Ala. 578, 81 So. 80.

No question of purchasers or creditors is involved. The wife did not sell or otherwise exercise the power, and by virtue of the statute, therefore, the remainder estate is protected.

A conveyance made by the wife during her life would pass the absolute estate, not by reason of any fee-simple title in her, but by virtue of the power in the will, the absolute power of disposition. Cain v. Cain, 127 Ala. 440, 29 So. 846.

Appellants argue that the power of disposition given in the will is broad, includ-

458

ing not only the right to use, but to sell, mortgage, or "otherwise dispose of" the property, with emphasis upon these latter words. But we think this language is properly to be interpreted in the light of the whole will as meaning a disposition during the life of the wife, Effie. She exercised this power in deeding to her brother W. W. Reeves a house and lot. The chancellor, as we read his decree, has recognized the right of the wife to make that deed, and has excepted from the sale the property so deeded.

But the will cannot be read, consistent with its language as a whole and consistent with our statutory provisions, so as to give to the wife the right to dispose of the estate by will, for this would in effect leave no estate upon which a remainder could operate, as is expressly provided in paragraph 7, and would defeat the limitation over in said paragraph, and thus run counter to the testator's clear intent.

As sustaining the conclusion we have reached, perhaps the cases of Mims v. Davis, 197 Ala. 88, 72 So. 344, and Cain v. Cain, 127 Ala. 440, 29 So. 846, are more nearly in point, and with provisions in the wills there considered similar in substance and effect to that before us. And in other jurisdictions that of Chestnut v. Chestnut, 300 Pa. 146, 151 A. 339, 75 A.L.R. 66, is much in point, and will be read with interest.

Appellants lay stress upon Whorton v. Moragne, supra. But the writer of the opinion was careful to note that the statutes referred to were not applicable to that particular case, and, therefore, it was uninfluenced thereby. And as to Bolman v. Lobman, supra, this court in Rutledge v. Crompton, supra, noted the misleading statement in the opinion, and pointed out that what was said in a general way as to the absolute title was to be considered in the light of the facts of that case, which showed there had been a sale, and the power was therefore executed.

Appellants also rely upon McCreight v. Porter, 210 Ala. 50, 97 So. 53, and correctly so, as that authority tends strongly to support their contention. But in that case the statute does not appear to have been called to the attention of the court, and was evidently overlooked. In the light of the cited statute as applied to this will, McCreight v. Porter, supra, cannot be taken as an authority, and here followed.

It results as our conclusion that the will of O. E. Williams did not authorize his wife, Effie, to make a disposition of his estate by her will, and that the chancellor correctly so decreed. The decree will accordingly be here affirmed.

Affirmed.

All the Justices concur.