180 So. 266

**WILLIAMS v. SPEARS et ux**

**7 Div. 501.**

Supreme Court of Alabama.

March 3, 1938.

Rehearing Denied April 21, 1938.

612

Irby A. Keener, of Centre, for appellant.

Savage & Savage, of Centre, for appellees.

KNIGHT, Justice.

The appellant recovered a judgment in the circuit court of Cherokee county against the appellees on August 1, 1934, for the sum of $174.00, and the cost of suit, and on January 11, 1937, an alias execution was issued on this judgment, and placed in the hands of the sheriff of said county. This execution was duly levied by the sheriff on certain described lands in Cherokee county as the property of Mrs. J. R. (Belle) Spears, one of the defendants in the judgment and execution.

Thereafter, on February 25, 1937, the appellees, defendants in the judgment, filed a motion to "quash the execution and to set

aside the judgment," basing their said motion upon numerous grounds. On May 11, 1937, the appellees amended their motion so as to make it a motion to set aside the levy made by the sheriff under said execution, and the *"tentative* sale" thereunder. The grounds assigned in said motion may be consolidated, and stated as follows: "That the defendants had no such legal title, or perfect equity in the lands, nor any such vested legal interest, in possession, reversion, or remainder, as would subject the same to levy and sale under execution."

The motion was submitted upon an agreed statement of facts, which is as follows:

"It is agreed by and between the parties hereto, by their attorneys, that the levy was made by the Sheriff of Cherokee County, Alabama, under execution issued in this cause, and as shown by his return on said execution; and that after due advertisement of sale as provided by law, that said lands were sold by the Sheriff aforesaid, in front of the Courthouse door of Cherokee County, Alabama, as shown by the Sheriff's return thereon, after announcement by defendants attorneys that defendant had no interest in said lands subject to sale; and, that at said sale S. L. Stinson became the purchaser of said lands at and for the sum of Two Hundred Dollars, which said sum was paid to J. T. Tracy, as Sheriff as aforesaid by check of said purchaser, S. L. Stinson, and which said check has not at this time been cashed but is held by the Sheriff; and, that no deed has as yet been made the purchaser by the Sheriff, conveying to him said lands, same being held in abeyance during the pendency of this motion.

"It is further agreed that if the defendant, Mrs. J. R. (Belle) Spears, under the will of her father, W. Alonzo Stinson, Deceased, a copy of which is attached to defendants motion as amended and marked 'Exhibit A' thereto, took such an interest in the lands levied on and sold under said execution, as was subject to levy and sale under subdivision 1 of Section 7806 of the Code of Alabama of 1923, then said motion should be overruled; otherwise, said motion should be granted and sustained."

Paragraphs 2, 3, and 4 of the will of the said W. Alonzo Stinson, deceased, appear in the report of the case. The other paragraphs of the will are not here pertinent, and hence are omitted.

The court, on submission of the motion on the agreed statement of facts, and the agreement of parties, granted the motion, and "set aside" the levy and vacated the sale thereunder.

It is from this judgment, the appeal is prosecuted.

Inasmuch as the parties, by their agreement, have narrowed the issue to be here determined, we will address ourselves to the one proposition presented, viz., whether, under the will of her father, the said W. Alonzo Stinson, deceased, the said Mrs. J. R. (Belle) Spears acquired such an interest in the lands levied upon and sold under the execution, as was subject to levy and sale under subdivision (1) of section 7806 of the Code.

By the terms of the will of W. Alonzo Stinson, it is perfectly clear, a life estate in all the real property of the testator was devised to his wife, Emma Stinson, with the right to sell such part of "the real property" as may be necessary to "provide sufficient for her said support and maintenance and that of my Grandson, during his minority." The exact language of the will in this respect is: *"She to have the management, control of,* and benefit of rents *and profits from all real property of my estate, and in case the personal property and rents from real property should prove insufficient for the support of herself and my grandson, Harold Jack Stinson, during his minority, then she is hereby authorized* to sell of the real *property whatever may be necessary to provide sufficient for her said support and maintenance and that of my said grandson, during his minority, and she is hereby authorized and empowered to convey title to any real property so sold and just as effectively as I now could do. All the above mentioned property to be hers, as above, during her natural life."*

No rights of creditors or purchasers are here involved, even if it could be said that, under the peculiar wording of the devise to the life tenant, they could acquire rights in the property to the displacement of the remaindermen, without showing there existed a necessity to sell the land, or some part of it, to furnish sufficient support for the life tenant and the grandchild. This question does not arise in this case and it is left undecided.

Here a life estate is devised to the wife, with the right in her to sell the real estate, or a part of it, for her support, and the support of the named grandson, in the event, and in the event only, that "the personal property and rents from the real property should prove insufficient" therefor.

Section 6928 of the Code provides: "When an absolute power of disposition, not accompanied by any trust, is given to the owner of a particular estate for life or years, such estate is changed into a fee absolute, as to the rights of creditors and purchasers, but subject to any future estates limited thereon, in case the power is not executed, or the lands sold for the satisfaction of debts, during the continuance of such particular estate."

■ This section of the Code was interpreted in the case of Alford's Adm'r v. Alford's Adm'r, 56 Ala. 350, and it was there held that the plain purpose of the statute was to declare that a particular estate, although accompanied with an absolute power of disposition in the owner of the particular estate, should, as to any future estate limited thereon, be held to be a particular estate, and only a particular estate; but that, as to the creditors of and purchasers from the tenant of the particular estate, such particular estate should be regarded and held to be a fee simple estate.

The doctrine announced in the case of Alford's Adm'r v. Alford's Adm'r, supra, has been reaffirmed in a number of our more recent cases. Rutledge et al. v. Crampton et al., 150 Ala. 275, 43 So. 822; Head v. Lane et al., 186 Ala. 335, 65 So. 343; Mims et al. v. Davis et al., 197 Ala. 88, 72 So. 344; Reeves et al. v. Tatum et al., 233 Ala. 455, 172 So. 247.

In Hilliard Real Property, chap. 57, § 9, it was observed by the author: "A devise to one for life with power to sell if necessary for his comfortable support creates a life estate with a contingent power, and a party claiming under a sale by devisee must prove that the contingency has happened. And decisions to like effect are found in Hull v. Culver, 34 Conn. 403; Minot v. Prestcott, 14 Mass. 496; Larned v. Bridge, 17 Pick. 339; Stevens v. Winship, 1 Pick. 318, 11 Am.Dec. 178."

The will in this case, while it confers upon the life tenant the power to sell the land, or parts of it, in the event the personal property and rents from the realty prove insufficient for the support of the life tenant, and the named grandchild, definitely devises the remainder to the "heirs" of the testator, naming them. True, the executors are required to take charge of the property upon the falling in of the life estate, and make division of the same among the remaindermen, if that can be done by agreement, but if that cannot be accomplished, then they, the executors, are required to sell the property and make the distribution. The will also makes provision for taking into account, on the division, of advancements made to the heirs.

■ Properly construed, the will created in the widow a life estate, with a vested remainder in the named heirs of the testator, and which remainder is subject to divestiture only upon the contingency provided for in the will, viz., the sale of the land by the life tenant, in the event such sale should be rendered necessary to provide sufficient support for the life tenant, and the named grandchild. Cain v. Cain, 127 Ala. 440, 29 So. 846; Thorington v. Thorington, 111 Ala. 237, 20 So. 407, 36 L.R.A. 385; Braley v. Spragins, 221 Ala. 150, 128 So. 149.

■ It is therefore clear that the appellee Mrs. Spears, acquired such an interest in the lands devised by the will of W. Alonzo Stinson as was subject, under section 7806, subd. (1), of the Code, to levy and sale under execution.

■ Of course, the purchaser at any such sale would take the interest subject to the terms of the will.

It is noted that only the interest of the execution debtor in the property was levied upon.

It follows, therefore, that the court below committed error in sustaining the motion of appellees to vacate the levy and sale. The motion should have been overruled. The judgment, therefore, of the circuit court must be here reversed, and one entered overruling said motion, and holding the interest of appellee, Mrs. J. R. (Belle) Spears, in said lands, subject to the levy and sale made and had, and the cause will be remanded to the circuit court, with directions to make and enter all such further orders as may be necessary to carry into effect the judgment here rendered.

Reversed, rendered, and remanded with directions.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.