90 So.2d 921

Emma Lee Ware SPENCER (Mrs. Charles Spencer) et al.

v.

Leslie ELMORE, Executor, etc.

2 Div. 367.

Supreme Court of Alabama.

Oct. 4, 1956.

Rehearing Denied Dec. 13, 1956.

T. G. Gayle, John W. Lapsley and Lapsley & Berry, Selma, for appellants.

Pitts & Pitts, Selma, for appellee.

## PER CURIAM.

Irvin W. Crenshaw died in March 1936, leaving a last will and testament whereby he devised all of his property, real, personal and mixed, to his wife Lillie T. Crenshaw, for and during her natural life, and at her death to go in fee simple to her nephew, Leslie Elmore, with the absolute power of disposition of any or all of the property in Lillie T. Crenshaw during her lifetime as she deemed best. The will appointed Lillie T. Crenshaw as executrix and it was duly probated in Dallas County.

At the time of his death Irvin W. Crenshaw owned certain real property in Dallas County, and was the owner of two first mortgages on real estate in that county. In 1937 and 1938 Lillie T. Crenshaw, as executrix, foreclosed these mortgages under the powers contained therein. The foreclosure deeds were made to Lillie T. Crenshaw.

In March 1953, Lillie T. Crenshaw died without having consumed or disposed of the real property and certain personalty.

By her last will and testament she left this real and personal property to the respondents, some of whom are appellants here.

The complainant, Leslie Elmore, appellee here, filed his bill of complaint for a declaratory judgment, praying that he be declared the owner of the real estate, the rents therefrom since the death of Lillie T. Crenshaw, and the personal property which he alleged belonged to Irvin T. Crenshaw at the time of his death.

The testimony was heard ore tenus before the trial court and he found the issues in favor of the complainant. Only a few items of personal property were included in the decree because the parties had previously reached an agreement concerning most of them. The appeal is from this final decree.

It is conceded that the court correctly held that appellee was entitled to the real property which Irvin W. Crenshaw owned at the time of his death and which had not been consumed by his widow at her death. It further appears to be conceded that such property of the estate of the decedent as was not consumed by his widow during her lifetime, vested in the remainderman, Elmore, the appellee. Code 1940, Title 47, Section 76; Alford's Adm'r v. Alford's Adm'r, 56 Ala. 350.

Appellants' argument in brief seems to be directed at that part of the decree which is based upon the following part of the trial court's opinion:

"The court being of the further opinion that Lilly T. Crenshaw as executrix of the last will and testament of Irvin W. Crenshaw, deceased, and as the life tenant under said last will and testament, was a trustee for the benefit of the devisees, legatees and remaindermen under said last will and testament, subject to the absolute power of disposition; that the foreclosure of said mortgage by the said Lilly T. Crenshaw was nothing more than a conversion of personal property into real estate, and so long as trust property can be fol-

lowed, the property to which it has been converted remains subject to the trust."

This finding and the decree based thereon that the appellee owned the interest of Irvin W. Crenshaw in the lands was supported by the evidence. Some of the cases supporting the decree are: Smith v. Cain, 187 Ala. 174, 65 So. 367; Evans v. Evans, 200 Ala. 329, 76 So. 95; Rushton v. McLaughlin, 213 Ala. 380, 104 So. 824; Reeves v. Tatum, 233 Ala. 455, 172 So. 247.

No reversible error having been brought to our attention, it follows that the decree of the lower court should be affirmed.

Affirmed.

All the Justices concur except MERRILL, J., who concurs in the result.