This is an appeal from a summary judgment granted by the Circuit Court of Hale County. We affirm.
Grover S. Nevin died testate in 1954, survived by his widow, Ila J. Nevin, and four children, Grover A., Julia, Cecil, and Marie. When he died, Nevin owned several parcels of real estate situated in Hale and Tuscaloosa Counties. This appeal concerns a 320 acre parcel situated in Hale County, devised to his widow for life with the power of disposition, and the remainder given to his children.
The pertinent provision of Nevin's will dispositive of this case is:
 ITEM THREE: I do also give, devise and bequeath unto my said wife, the said Ila J. Nevin, for and during the term of her natural life only, with remainder in fee simple to our children as hereinafter stated, all real estate owned by me at the time of my death, wherever located, with full, complete and unlimited power and authority to use and dispose of said real estate as to my wife seems best. My said wife is hereby given full, complete and unlimited power and authority to sell, convey, mortgage or otherwise dispose of or handle said real estate as she in her discretion shall deem best, according to her own wishes and desires, and she may execute a valid absolute fee simple conveyance thereto, mortgage it, or otherwise dispose of or handle the same, and she shall not be accountable for its use or disposition. I wish to state, however, that it is my feeling that said real estate should not be disposed of by my said wife unless for her own comfort, maintenance or welfare.
 After the death of my said wife, Ila J. Nevin, and if she has not disposed of the same during her lifetime, I hereby give, devise and bequeath said real estate (subject to the life estate of my said wife and the right of use and disposition by her as hereinabove provided), unto our four children — Grover A. Nevin, Julia C. Champion, Cecil W. Nevin, and Burlia M. Wright — share and share alike, in fee simple forever. In the event any of our said children should die before taking under this my will, then the share which such child would have received, if living, shall be and become the property of the child or children (my grandchild or grandchildren) of such deceased child. (Emphasis supplied).
Assuming that she had authority, under the power contained in the will, to devise the land, Mrs. Nevin executed a will in 1962, giving the land to her four children. Subsequently, she was advised that she did not have the power to convey by will. So, in November, 1965, she executed four deeds conveying to each of her four children 80 acres of land. Grover A. Nevin refused delivery of the deed to him.
Ila J. Nevin died sometime in 1976, and in August, Grover A. Nevin filed suit to declare the deeds ineffective and to order a sale for division. On motion of the defendants, the trial court granted summary judgment, decreeing Ila J. Nevin had absolute power to convey the land by deed to the children.
We affirm the decision of the trial court and hold that Mrs. Nevin had the power to convey the lands to her children and that the deeds were effective.
The first issue is the proper construction of the will of Grover S. Nevin to determine the extent of the power granted his wife. Under Ala. Code § 35-4-292 (1975), an owner of a life estate with an absolute power of disposition may convey a fee absolute as to creditors and purchasers, *Page 268 
but if the power is not executed the future estates limited thereon are effective. That statute provides:
 (a) When an absolute power of disposition, not accompanied by any trust, is given to the owner of a particular estate for life or years, such estate is changed into a fee absolute, as to the rights of creditors and purchasers, but subject to any future estates limited thereon, in case the power is not executed or the lands sold for the satisfaction of debts during the continuance of such particular estate.
That it was Nevin's intent to give his wife an absolute power of disposition is clear from the language of the document.
The law is well settled in Alabama that the touchstone for construction of a will is to ascertain a testator's intention by giving effect to all the provisions of the will as a whole.Perdue v. Roberts, 294 Ala. 194, 314 So.2d 280 (1975). From an analysis of the testator's language in Item Three of the will set out above, it is difficult to conceive of more exact words which would endow a life tenant with broader powers. Ila Nevin's power is not limited to any ascertainable standard such as maintenance and support, but the testator expresses an intent to give her "full, complete and unlimited" authority as if the property had been given to her absolutely. In furtherance of such intention the testator provides that she may "dispose of or handle" the property in her own discretion and according to her wishes and desires and that she should not be accountable to anyone for its use or disposition.
Appellant contends that in looking to the four corners of the will to determine the testator's intent that the following words, though precatory, must be considered:
 I wish to state, however, that it is my feeling that said real estate should not be disposed of by my said wife unless for her own comfort, maintenance or welfare.
Appellant urges that a reasonable construction of this language is that Grover Nevin intended to limit his wife's power of disposition. We disagree. The meaning of precatory words has been stated earlier by this court:
 The meaning of precatory words is well understood. Words of entreaty request, desire, wish, or recommendation employed in wills are distinguishable from direct and imperative terms. Thomas v. Reynolds, 234 Ala. 212, 216, 174 So. 753, 757 (1937).
Nevin's expression of his feelings as to the standards for disposition of the property by his wife immediately follows the clear and direct imperative that she have unlimited authority to dispose of it without accountability to anyone. Following this as it does, the precatory phrase should not be read to limit the absolute power of disposition already given. This court said in Austin v. Pepperman, 278 Ala. 551, 562,179 So.2d 299, 309 (1965):
 Where an estate or interest is given in one clause of a will in clear and decisive terms, the interest cannot be taken away or diminished by raising a doubt upon the extent and meaning of a subsequent clause, nor by inference therefrom, nor by any subsequent words that are not as clear and decisive as the words of the clause giving the interest or estate.
This supports the construction of Item Three of the will that after Nevin's grant of absolute discretion to his wife, he intended to express his own feelings about the disposition of the property as a guideline or recommendation. Support and maintenance are merely an advisory standard rather than a limitation under the facts of this case. Thus, the will of Grover S. Nevin granted to his wife an absolute power of disposition.
The second question at issue here is whether Ila Nevin conveyed a fee absolute to her children as purchasers under §35-4-292. If the children who received deeds from Mrs. Nevin are purchasers under the statute, then they take fee simple title as grantees and not as remaindermen under the will. *Page 269 
Appellant relies heavily on Yockers v. Hackmeyer, 203 Ala. 621,84 So. 709 (1919), as to the question of who qualifies as a purchaser within the meaning of the statute. The court held there that the life estate with a power of disposition granted testator's widow was not absolute because it could only be exercised (1) in the continuance of a business left by testator and (2) for support and maintenance of the widow. The widow conveyed property to her son in consideration of love and affection. This conveyance was not within the power conferred upon her by the will so that on her death, the remainder took effect. While the Yockers court further observed that the son was not a purchaser within the meaning of § 3423, Code of 1907 (the predecessor of § 35-4-292), because the consideration of love and affection made him a volunteer not a purchaser, such observation is not controlling here. Justice Sayre, writing for the court in Yockers, specifically held that the provision of the will in question "was not an absolute power", and hence the conveyance there was not governed by the statute. Therefore, the discussion of the definition of purchasers for the purpose of the powers statute is dictum since the case did not involve an absolute power of disposition, and the conveyance was disallowed on the basis of limitations set out in the will, not on the basis of the powers statute. Additionally, the Yockers
definition of purchaser as one who receives a conveyance by deed for a valuable consideration is no longer applicable in light of current law. Act No. 170, Acts of Alabama 1971, Third Extraordinary Session, p. 4420, codified as Ala. Code § 35-4-34
(1975), reads in part:
 No deed or other conveyance creating or transferring any interest in land shall be invalid or ineffective because of the fact that it does not recite a good or valuable consideration or no such consideration exists or is given.
Provision is also made for the retroactive operation of this statute. This is further supported by the decision of this court in Ingram v. Horn, 294 Ala. 353, 355, 317 So.2d 485, 486
(1975). The court said:
 [W]e agree with appellants that a deed may represent a gratuitous conveyance of realty, and that even a `total failure of consideration' such as that alleged by appellee is insufficient grounds for the cancellation of an otherwise valid deed.
 As this court has pointed out, "A deed is valid and operative as between the parties and their privies, whether founded on a consideration or not." Porter v. Roberson, 263 Ala. 294, 296, 82 So.2d 244 (1955).
The Yockers definition of purchaser is incorrect in view of the current law of this state that consideration is not necessary and in view of the legislative intent in the passage of the powers statutes. The Alabama Supreme Court in Reeves v.Tatum, 233 Ala. 455, 172 So. 247 (1937), recognized that §35-4-292 and its predecessors were enacted "to relieve against the common-law rule, which often resulted in a clear defeat of the testator's real and evident intention." Reeves at 457, 172 So. at 249. The Legislature merely confirmed the existing general law as to creditors and purchasers. "The Legislature's concern over preserving the remainder in cases of non-exercise does not import an intention to prohibit a gratuitous exercise, and it seems clear that a volunteer was intended to qualify as a purchaser under these statutes." Note, Powers of Appointmentin Alabama — A Plea for Reform, 26 Ala. Law Review 355, 388 (1974). Since consideration is no longer necessary for the validity of a deed and since the powers statutes restate the common law except as to unexercised powers, the legal definition for purchaser as one who takes gratuitously or for value clearly governs. For purposes of § 35-4-292, concerning powers of disposition, a purchaser includes every transferee by deed.
Appellant also contends that the rule in Braley v. Spragins,221 Ala. 150, 128 So. 149 (1930), and Bell v. Killian, 266 Ala. 12, 93 So.2d 769 (1957), is applicable here, that a life tenant with power of disposition cannot exercise the power by an inter vivos gift. A careful reading of the Braley opinion, however, reveals the following appropriate qualification: *Page 270 
 That is to say, unless the power is ample, sufficiently specific and full, a life tenant may not give the property away by deed, merely to defeat a remainder interest limited on such life estate. Braley at 158, 128 So. at 156.
The language in the Nevin will could hardly bestow more "ample, sufficiently specific and full" a power of disposition. In Bell
as in Yoekers, supra, the decision turned on the express limitation of the power of disposition, to a standard of support and maintenance. By virtue of the absolute and unlimited power of disposition granted Ila Nevin in her husband's will, a conveyance made by her during her lifetime would clearly pass fee simple title to the grantee.
For the above stated reasons we affirm.
AFFIRMED.
BLOODWORTH, MADDOX, JONES, ALMON and SHORES, JJ., concur.
FAULKNER, J., with whom EMBRY and BEATTY, JJ., join, dissents.