JONES, Justice.
This is a will contest case. Item II of the will under inquiry provides:
“My real property at 449 North Ryan Street, Montgomery, Alabama, I will, devise and bequeath to my wife, Alice Matilda Gaylord, for her lifetime only, with remainder to my lineal descendants, in equal shares per stirpes. I also give to my said wife the power to sell, mortgage, convey or otherwise dispose of said real property during her lifetime.”
Appellant states the issue presented: “[Wjhether ... Alice M. Gaylord was given the right, under the will of her late husband, James Wessley Gaylord, to sell, mortgage, convey or otherwise dispose of certain real property during her lifetime.” The trial court voided the second sentence of Item II, holding that it “does not give an absolute power of disposition to the widow.”
The controlling statute is § 35-4-292, 1975 Code:
*204 “(a) When an absolute power of disposition, not accompanied by any trust, is given to the owner of a particular estate for life or years, such estate is changed into a fee absolute, as to the rights of creditors and purchasers, but subject to any future estates limited thereon, in case the power is not executed or the lands sold for the satisfaction of debts during the continuance of such particular estate.
“(b) When a like power of disposition is given to any person to whom no particular estate is limited, such person also takes a fee, subject to any future estate which may be limited thereon; but absolute in respect to creditors and purchasers.
“(c) In all cases where such absolute power of disposition is given, not accompanied by any trust, and no remainder is limited on the estate of the donee of the power, he has an absolute fee.”
Nevin v. Nevin, 366 So.2d 266 (Ala.1979), which controls this case, paraphrased these statutory provisions thusly:
“[A]n owner of a life estate with an absolute power of disposition may convey a fee absolute as to creditors and purchasers, but if the power is not executed the future estates limited thereon are effective.” Nevin v. Nevin, at 267-68.
At common law, if a testator devised real property to a person for life with absolute power of disposition, that person took a fee simple interest in the property; and this fee simple interest could not be defeated by further providing for the remainder to vest in other persons if the power of disposition was not exercised during the lifetime of the life tenant. Young v. Sheldon, 1139 Ala. 444, 36 So. 27 (1904). See, also, Reeves v. Tatum, 233 Ala. 455, 172 So. 247 (1937).
The obvious intent of § 35-4-292 was to effect a change in the common law so as to give effect to the testator’s intent, thus, where clearly provided in the will, allowing the remainderman to receive the property if the life tenant died without disposing of it. Nevin, supra, and Reeves, supra. See, also, Williams v. Spears, 235 Ala. 611, 180 So. 266 (1938).
The challenge, here, does not center on the remainderman’s right to receive the property in the event the widow does not dispose of it during her lifetime. Rather, the contingent remainderman attacks the widow’s right to dispose of the property (or, perhaps more literally expressed, she contests that provision of the will giving the widow the power to dispose of the property). When viewed in this posture, the issue, quite simply, is whether Item II of Mr. Gaylord’s will gives an absolute power of disposition to this widow.
The item of the will in question contains two sentences: The first devises a life estate to his wife with remainder to his lineal descendants; the second gives his wife the power to dispose of it during her lifetime. The trial court agreed with the contestant that the two sentences were legally inconsistent, in that the testator could not in one breath give the property to his wife “for her lifetime only,” and in the next breath empower her to dispose of it.
We disagree. The limiting phrase “for her lifetime only” in the first sentence merely invokes the operation of § 35-4-292, allowing the testator’s lineal descendants to take the property in the event his widow does not dispose of it. This “limitation” on the widow’s devised interest does not restrict, or otherwise render less than absolute, her power to dispose of the property during her lifetime. A contrary holding would necessarily thwart, rather than enhance, the legislative intent and the purpose of § 35-4-292. See, Brashier v. Burk-ett, 350 So.2d 309 (Ala.1977).
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.